IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MAUSOOM SHAH HUSSAIN,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-525-KC |
| | § | |
| **PAMELA BONDI et al.,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered the case. On February 20, 2026, Mausoom Shah Hussain filed a Petition for a Writ of Habeas Corpus, ECF No. 1. On March 4, the Court ordered Respondents to file a supplemental response "addressing the significant likelihood of Hussain's removal to Afghanistan in the reasonably foreseeable future given the Taliban's control of Afghanistan and the cessation of diplomatic relations between the United States and Afghanistan." Mar. 4, 2026, Order 2, ECF No. 7.

Respondents maintain "that there is a significant likelihood of removal of [Hussain] in the reasonably foreseeable future to Afghanistan or to a third country." Supplemental Resp. 1, ECF No. 8. In support, they attach the Declaration of Supervisory Detention and Deportation Officer Cecilia Yague ("2d Yague Decl."), ECF No. 8-1. Yague states that "ERO will need to request a transportation letter from the Afghanistan Embassy in Doha, Quatar to remove the petitioner to Afghanistan." *Id.* ¶ 5. And, that this request can be made once travel documents are obtained for Hussain. *Id.* ¶ 6. According to Yargue's previous declaration, attached to Respondents' initial Response, ECF No. 6, "[o]n February 20, 2026, an ERO officer in El Paso, Texas filled out a Form 217 'Information for Travel Document or Passport'; an internal

document used by ERO to submit travel document requests." 1st Yague Decl. ¶ 24, ECF No. 6-1. Respondents also point to the fact that they are in process of removing another Afghan national to Afghanistan to demonstrate that Hussain's removal is reasonably foreseeable. Resp. 1. Respondents, however, do not indicate whether this Afghan national was already in possession of his Afghan passport and national identification card. *See generally id.*; 2d Yague Decl. As an alternative to removal to Afghanistan, "ERO has also submitted a request for removal of the petitioner to a third country via the State Department." 2d Yague Decl. ¶ 7. And "if a third country nexus is found, then the appropriate steps for removal to a third country will be taken." *Id.* ¶ 8. According to Yague, ERO may also "solicit and assist in self-deportation," where Hussain would "obtain[] a plane ticket for a country where he may be accepted." *Id.* ¶ 6.

In sum, Respondents state that, despite the cessation of diplomatic relations between the United States and Afghanistan, they are still able to obtain travel documents and transportation letters, which are required to remove an Afghan national to Afghanistan, from the Afghanistan Embassy in Quatar. Given that Hussain's removal to Afghanistan or a third country would likely moot this Petition, the Court takes this matter under advisement pending additional information from Respondents.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than April 13, 2026**, detailing the following:

(1) whether the travel document request was submitted to the Afghanistan Embassy in Quatar, and if so, the date of submission, and if not, the anticipated timeline for submission;

(2) if the travel document request was submitted, whether the request was approved, and if so, the date of approval, and if not, the anticipated timeline for approval;

2

(3) if the travel document request was approved, whether the transportation letter request was submitted to the Afghanistan Embassy in Quatar, and if so, the date of submission, and if not, the anticipated timeline for submission;

(4) if the transportation letter request was submitted, whether the request was approved, and if so, the date of approval, and if not, the anticipated timeline for approval;

(5) whether any third countries have been identified for Hussain's removal and the concrete steps taken to obtain travel documents for Hussain from those third countries; and

(6) whether Hussain has agreed to self-deport, and if so, to which country, and the expected timeline for his deportation and any obstacles.

**SO ORDERED**.

SIGNED this 12th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3