**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MAUSOOM SHAH HUSSAIN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-525-KC** |
| | § | |
| **PAMELA BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case.  On April 14, 2026, the Court ordered Respondents to file a status report, by June 15, detailing (1) whether the foreign identification documents were submitted to the Enforcement Removal Operations ("ERO") attaché, and if so, the date of submission, and if not, why, and the anticipated timeline for submission; (2) if the foreign identification documents were submitted to the ERO attaché, whether they were submitted to the State Department, and if so, the date of submission, and if not, why, and the anticipated timeline for submission; and (3) if the foreign identification documents were submitted to the State Department, whether the Embassy of the Islamic Emirates of Afghanistan (Taliban) in Qatar has issued a transportation letter for Hussain, and if not, the anticipated timeline for issuance and any obstacles.

On June 15, Respondents filed a Status Report, ECF No. 14, to which they attached the Declaration of Deportation Officer Danny Alaniz ("Alaniz Decl."), ECF No. 14-1.  According to Alaniz, on May 4, 2026, the certificate of identity was submitted to the ERO attaché.  Alaniz Decl. ¶ 6.  Alaniz, however, does not state whether the certificate of identity was submitted to the State Department.  *See generally id.*  And, although Alaniz states that on June 6 Headquarters

Removal International Operations ("HQ RIO") advised ERO El Paso that the transportation letter from the Embassy of the Islamic Emirates of Afghanistan (Taliban) in Qatar "is still pending issuance," it is unclear whether a request has actually been made to the Embassy for the transportation letter, and if so, when it was made. *Id.* ¶ 7; *see generally id.*

In sum, Respondents demonstrate that they have taken one internal step in the process of removing Hussain to Afghanistan—submission of identification documents to the ERO attaché. However, and despite being ordered to do so, Respondents do not state whether they have taken the next step—submission of the identification documents to the State Department—in the process. The Court thus finds it appropriate to order a status report in two weeks for Respondents to provide additional information regarding submission of the identification documents to the State Department and the State Department's efforts to obtain a transportation letter. Respondents are **CAUTIONED** that a failure to submit the identification documents to the State Department or to clearly explain whether they have done so, and if not, why, may result in an order for Hussain's release.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than June 30, 2026**, detailing the following:

(1) Whether the foreign identification documents were submitted to the State Department, and if so, the date of submission, and if not, why, and the anticipated timeline for submission;

(2) If the foreign identification documents were submitted to the State Department, whether the State Department has reached out to the Qatari Ministry of Foreign Affairs to obtain a transportation letter from the Embassy of the Islamic Emirates of

2

Afghanistan (Taliban) in Qatar, and if so, the date the State Department reached out, and if not, why, and the anticipated timeline for the State Department to do so; and

(3) If the State Department reached out to the Qatari Ministry of Foreign Affairs, whether the Embassy of the Islamic Emirates of Afghanistan (Taliban) in Qatar has issued a transportation letter for Hussain, and if not, the anticipated timeline for issuance and any obstacles.

**SO ORDERED**.

**SIGNED this 16th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE