**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **MAUSOOM SHAH HUSSAIN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-525-KC** |
| | § | |
| **PAMELA BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>FINAL JUDGMENT</u>**

On this day, the Court considered the case. On July 1, 2026, the Court granted in part Mausoom Shah Hussain's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. July 1, 2026, Order 8, ECF No. 17.

Respondents have now informed the Court that on July 7, an IJ ordered Hussain released on a $10,000.00 bond. Notice, ECF No. 18; *see id.* Ex. A ("IJ Order"), ECF No. 18-1.

It appears that the only remaining matter to be resolved in this case is Hussain's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). *See* Pet. 30, ECF No. 1; *see generally* July 1, 2026, Order. However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA. *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **<u>the Clerk shall close the case</u>**.

2

**IT IS FURTHER ORDERED** that the Motion for Reconsideration, ECF No. 12, is **DENIED** as moot.

**SO ORDERED**.

**SIGNED this 9th day of July, 2026.**

_____
KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE

2